IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED; ) <br> a Delaware Corporation; ) <br> DUNKIN' DONUTS USA, INC., a ) <br> Michigan Corporation; BASKIN- ) <br> ROBBINS USA CO., a California ) <br> Corporation; and BASKIN- ) <br> ROBBINS INCORPORATED, a ) <br> Delaware Corporation, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> KENNETH IONG, individually; ) <br> ABD GROUP LLC, a Hawaii ) <br> Limited Liability Company; ) <br> and ICH GROUP INC., a Hawaii ) <br> Corporation aka ICH GROUP ) <br> LLC, a Hawaii Limited ) <br> Liability Company, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL NO. 05-00381 SOM/KSC <br><br><br> ORDER GRANTING PLAINTIFFS' <br> MOTION FOR PARTIAL SUMMARY <br> JUDGMENT |

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

I.      INTRODUCTION.

Plaintiffs Dunkin' Donuts Incorporated, Dunkin' Donuts USA, Inc., Baskin-Robbins Incorporated, and Baskin-Robbins USA (collectively, "Plaintiffs") move for summary judgment as to "most of Counts I and II and all of Count IX of the Complaint" against Defendants Kenneth Iong, ABD Group LLC, and ICH Group, Inc. (collectively, "Defendants").  Counts I and II of the Complaint assert that Defendants breached various franchise agreements and a promissory note, respectively.  Count IX seeks a declaration that each franchise agreement has been terminated.

In the present motion, Plaintiffs argue that: (1) Defendants breached and terminated the franchise agreements and promissory note by failing to make payment obligations due under those agreements; (2) Defendants owe Plaintiffs $472,968.52 under the franchise agreements and promissory note; and (3) Plaintiffs are entitled to a declaration that the franchise agreements are terminated.  Plaintiffs have met their burden on this motion, and Defendants have filed no opposition.  The court therefore grants summary judgment in favor of Plaintiffs.

II.     BACKGROUND FACTS.

Defendants are valid owners and licensors of proprietary trade and service marks for Dunkin' Donuts and Baskin-Robbins franchise systems.  See generally Exs. 1A-1D; Motion at 1 n.1.  Beginning in 1996, Plaintiffs entered into various franchise agreements with Defendants to operate stores under the Dunkin' Donuts and Baskin-Robbins brands on Oahu.  See Exs. 1A-1D.  Each franchise agreement set forth Defendants' obligations upon termination and default and required Defendants to pay Plaintiffs continuous franchise and advertising fees, interest, late fees, attorney's fees, and collection fees, and to pay for goods and supplies purchased from Plaintiffs.  See Exs. 1A-1D.

After Defendants failed to make required payments to Plaintiffs, the parties entered into a settlement agreement on July 10, 2004, that included a notarized promissory note. Ex. 11 at 1-9; Ex. 12 at 1-2. The promissory note covered all amounts that Defendants owed Plaintiffs as of July 9, 2004, and required Defendants to pay the principal amount of $197,137.29 plus interest at the rate of 10 percent per annum in 59 monthly installments. Ex. 12 at 4. Pursuant to the promissory note, once default occurred, Defendants' remaining obligations under the note became immediately due. Ex. 12 at 2.

Defendants made initial payments under the promissory note totaling $34,000, but, on the twelfth monthly payment, they defaulted. Affidavit of Gisela Getz (5/19/2006) ("Getz Aff.") ¶ 14. Defendants have made no payments under the franchise agreements since July 10, 2004. Getz Aff. ¶ 17.

On April 25, 2005, Plaintiffs sent "Notice to Cure" letters to Defendants, explaining that their failure to cure the defaulted payments "may result in termination of your Franchise Agreement." Ex. 3 at 1-20; Ex. 5 at 1-6. When Defendants failed to cure their defaults, Plaintiffs sent them letters on May 26, 2005, terminating the promissory note and franchise agreements. Ex. 4 at 1-20; Ex. 5 at 7-11.

III.     ANALYSIS.

Plaintiffs argue that they are entitled to summary judgment because Defendants breached and terminated the franchise agreements and promissory note by failing to satisfy payment obligations. Arguing that Defendants are jointly and severally liable for the amounts due under those agreements, Plaintiffs seek a declaration that the franchise agreements are terminated. Plaintiffs have met their burden on this motion, and the court has received no opposition to this motion, which the court grants.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corr., 383 F.3d 1018, 1024 (9th Cir. 2004); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden initially falls upon the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec.

Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted). The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." Porter, 383 F.3d at 1024 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003).

Plaintiffs seek summary judgment on portions of Counts I and II, and all of Count IX of the Complaint. In support of their motion, Plaintiffs submitted affidavits and copies of the franchise agreements, promissory note, and records of Defendants' payments under their agreements. Plaintiffs also submitted copies of the May 26, 2006, letters sent to Defendants. This evidence shows that Defendants defaulted under the franchise agreements and promissory note, and that those agreements were terminated. See T.W. Elec. Serv., Inc., 809 F.2d at 630 (noting the moving party's burden on a summary judgment motion). Because

Defendants have not come forward with any evidence showing a genuine dispute of material fact or legal argument challenging Plaintiffs' motion, Plaintiffs are entitled to summary judgment. See Porter, 383 F.3d at 1024.

IV.     CONCLUSION.

The court grants Plaintiffs' motion for partial summary judgment.  This order leaves for future adjudication:  (1) the remaining portions of Counts I (breach of franchise agreements) and II (breach of promissory note); (2) Count III (breach of store development agreement); (3) Count IV (infringement of federal trade and other marks; (4) Count V (unfair and deceptive trade practices); (5) Count VI (dilution of Plaintiffs' propriety marks); (6) Count VII (injunctive relief); and (7) Count VIII (specific performance).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 7, 2006.



_____
Susan Oki Mollway
United States District Judge

**Dunkin' Donuts, Inc., et al. v. Iong, et al.**, **Civ. No. 05-00381 SOM/KSC; ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT.**